The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie Dollar and oral argument before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of Conclusion of Law No. 4 and Award No. 3 and 4.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act at all relevant times.
2. The defendant was a duly qualified self-insured, with Gallagher Bassett Services, Inc., as its servicing agent.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The plaintiff's average weekly wage was $482.80, which yields a weekly compensation rate of $321.88, based upon the Form 22.
5. Before the Deputy Commissioner the issues for determination were:
 a. Whether the plaintiff sustained an injury by accident arising out of and in the course and scope of his employment on September 27, 1994; and
 b. Whether the plaintiff's epididymitis and subsequent surgery was causally related to the alleged injury of September 27, 1994.
6. The parties stipulated the following documents into evidence:
a. Denial of claim letter;
b. I.C. Forms 33 and 33R;
c. Plaintiff's Recorded Statement;
d. Records of Dr. Eric Hart; and,
e. Records of Dr. David Hardaway.
7. The parties filed a stipulation which sets forth the dates worked between September 29, 1994 and January 20, 1995, which is incorporated herein by reference. The plaintiff received short-term disability benefits under an employer-funded disability plan, in amount of $3,143.00 from October 21, 1994 for various days up to January 20, 1995.
***********
Based upon all of the competent evidence adduced from the record, the Full Commission makes the following additional:
FINDINGS OF FACT
1. On September 27, 1994, the plaintiff was a thin, twenty-seven year old single male who was employed as proof press helper, and his duties included changing heavy print cylinders on printing presses. The cylinders were approximately six and one-half feet long and weighed one thousand pounds.
2. Toward the end of the shift, the plaintiff and a co-worker were changing a cylinder when they discovered that the hydraulic lift arm was not functioning properly. The plaintiff pulled three times on the cylinder to loosen it, exerting all the force on it possible. On the third attempt, the plaintiff felt a pulling sensation in his lower pelvis or groin area.
3. The next morning, plaintiff's scrotum as swollen; and he reported the incident to his supervisor and the company nurse, when he arrived at work. The nurse referred plaintiff to Dr. Eric Hart, who saw him on the following day. Based upon the history of the straining injury, Dr. Hart diagnosed plaintiff as having epididymitis which was caused by the injury at work.
4. The plaintiff was referred to urologist Dr. David Hardaway on October 10, 1994, after his condition did not improve with mediation. A urinalysis was reported as negative, following which Dr. Hardaway performed surgery to remove plaintiff's right testicle on December 9, 1994.
5. Dr. Hardaway opined, based upon his experience as a urologist and treating patients who developed epididymitis following a lifting injury that plaintiff's condition was causally related to the lifting injury of September 27, 1994.
6. The episode of September 27, 1994 wherein the plaintiff was required to exert an unusual amount of force to change the print cylinder constituted an interruption of his normal work routine sufficient to constitute an accident.
7. As a result of the surgery to remove the right testicle, the plaintiff has sustained a permanent loss to an important internal organ of the body, specifically the right testicle. However, there was no evidence presented in the record regarding any limitation based by this loss to plaintiff's fertility or ability to father a child.
***********
The foregoing findings of fact engender the following
CONCLUSIONS OF LAW
1. The plaintiff sustained an injury by accident arising out of and in the course of the employment on September 27, 1994. N.C.G.S. § 97-2(6).
2. As a result of the compensable injury, the plaintiff is entitled to temporary total disability compensation at the rate of $321.88 for the period from October 21, 1994 through November 7, 1994, November 15 through November 27, 1994, and December 6, 1994 through January 23, 1995. N.C.G.S. § 97-29. The defendant is entitled to a credit for $3,143.00 for the short-term disability payments under the employer-funded plan. N.C. GEN. STAT. § 97-42.
3. As a result of the compensable injury, the plaintiff is entitled to temporary partial disability compensation during the period of September 29, 1994, October 20, 1994, November 13, 1994, as well as such other days he worked less than full time, at the rate of two-thirds of the difference between the pre-injury wage and actual wage.
4. Considering plaintiff's age of 27 and all other matters of record, the Full Commission in its discretion determines that plaintiff is entitled to $15,000.00 for loss of an important organ of the body. N.C. Gen. Stat. § 97-31(24).
5. The plaintiff is entitled to have the defendant pay for medical expenses incurred as a result of the compensable injury by accident. N.C.G.S. §§ 97-2(19), and -25.
6. Plaintiff's counsel presented no evidence justifying an award larger than $5,000.00 but merely cited the Deputy Commissioner's decision in IC No. 355558. Under these circumstances, an attorney's fee of 20% with respect to the claim for compensation under N.C.G.S. § 97-31(24) is judged to be reasonable and the contracted fee of 25% is judged to be not reasonable. The attorney's fee of 25% with respect to all other matters at issue is reasonable and not changed hereby.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Subject to a reasonable attorney's fee herein approved, the defendant shall pay $15,000.00 in a lump sum to the plaintiff pursuant to N.C.G.S. § 97-31(24) for the loss of an important body organ.
2. A reasonable attorney's fee of 20 percent of the compensation awarded to plaintiff in paragraph 1 above is hereby approved to be deducted from sums due plaintiff and paid directly to counsel.
3. The defendant shall pay the costs.
 S/ __________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________ CHRISTOPHER L. SCOTT COMMISSIONER